**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CHERRE BENEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>FMR. OFFICER MYRON HOWARD,<br>In his Individual capacity<br>OFFICER LEON KING, in his individual<br>Capacity CHIEF OF POLICE<br>CHRISTOPHER BAILEY, in his Official<br>capacity, and CITY OF INDIANAPOLIS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-00170-TWP-KMB |

**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES**

Comes now Defendants Officer Leon King, Chief of Police Christopher Bailey (Collectively "City Defendants"), and the City of Indianapolis by counsel, for their Answer to Plaintiff's Complaint states as follows:

**JURISDICTION, VENUE, AND CAUSE OF ACTION**

1. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

**Answer: City Defendants admit that this Court has subject matter jurisdiction over the federal questions presented in the Complaint pursuant to 28 U.S.C. §§ 1331. City Defendants deny any other allegations in this paragraph of the Complaint and, more specifically, deny that Plaintiff is entitled to any relief whatsoever.**

2. The Court has jurisdiction over Plaintiff's tort claim pursuant to 28 U.S.C. § 1367 in that the claims are so related to Plaintiff's constitutional claims that they form part of the same case or controversy under Article III of the United States Constitution.

**Answer: City Defendants admit that this Court has subject matter jurisdiction over the federal questions presented in the Complaint pursuant to 28 U.S.C. §§ 1367. City Defendants deny any other allegations in this paragraph of the Complaint and, more specifically, deny that Plaintiff is entitled to any relief whatsoever.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Answer: City Defendants admit only that venue is proper in this Court and Division. City Defendants deny any other allegations in this paragraph of the Complaint and, more specifically, deny that Plaintiff is entitled to any relief whatsoever.**

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

**Answer: City Defendants admit only that declaratory relief is an available relief under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202. City Defendants deny any other allegations in this paragraph of the Complaint and, more specifically, deny that Plaintiff is entitled to any relief whatsoever.**

5. Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and her state-law claims are brought pursuant to Indiana law and the Indiana Tort Claims Act.

**Answer: City Defendants admit only that Plaintiff's Complaint purports to state claims pursuant to 42 U.S.C. § 1983, Indiana law, and the Indiana Tort Claims Act. City Defendants deny any other allegations in this paragraph of the Complaint and, more specifically, deny that Plaintiff is entitled to any relief whatsoever.**

## PARTIES

6. Plaintiff, Cheree Benefield ("Ms. Benefield") was an adult resident of Marion County, Indiana.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

7. At all times relevant to this action, Defendant Former Officer Myron Howard("Howard") was acting under the color of law and within the course and scope of his employment as a police officer with the City of Indianapolis. He is being sued in his individual capacity.

**Answer: Plaintiff's Complaint speaks for itself as to the capacity in which Defendant Howard is sued, and no response is required to these allegations. City Defendants admit that Myron Howard was a police officer employed by the City of Indianapolis and that Defendant Howard was under color of law and within the scope of his employment. City Defendants deny any other allegations in this paragraph.**

8. At all times relevant to this action, Defendant Officer Leon King ("King") acted under the color

of law and within the course and scope of his employment as a police officer with the City of Indianapolis. He is being sued in his individual capacity.

**Answer: Plaintiff's Complaint speaks for itself as to the capacity in which Defendant King is sued, and no response is required to these allegations. City Defendants admit that Leon King is a police officer employed by the City of Indianapolis and that Officer King was acting under color of law and within the scope of his employment. City Defendants deny any other allegations in this paragraph.**

9. At all times relevant to this action, Defendant Chief of Police Christopher Bailey ("Chief Bailey") was employed by the City of Indianapolis as the Indianapolis Metropolitan Police Department (IMPD) Chief of Police and was acting under the color of law and in the course and scope of his employment with the City of Indianapolis. He is being sued in his official capacity.

**Answer: Plaintiff's Complaint speaks for itself as to the capacity in which Defendant Bailey is sued, and no response is required to these allegations. City Defendants admit that Christopher Bailey is the Chief of Police employed by the City of Indianapolis and that Chief Bailey was acting under color of law and within the scope of his employment. City Defendants deny any other allegations in this paragraph.**

10. At all times relevant to this action, Defendant City of Indianapolis ("the City"), was a political subdivision of the State of Indiana located in Marion County, Indiana, which provided various municipal services to its citizens, including a police force known as the Indianapolis Metropolitan Police Department ("IMPD").

**Answer: To the extent that this paragraph restates state or federal law, this is a legal conclusion and no response is required. City Defendants admit that the Consolidated City of Indianapolis and Marion County is located in Marion County, Indiana. City Defendants deny any other allegations in this paragraph.**

## FACTS

11. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

**Answer: City Defendants likewise reiterate their previous responses.**

12. On March 1, 2024, Detective Green interviewed Ms. Benefield. During that interview, Ms. Benefield provided information about the incident. Below is a summary of the interview.

On or around January 6, 2024, Cheree Benefield called IMPD for a domestic disturbance. Officer Michael Totten and Officer Myron Howard arrived on the scene, and her boyfriend, Jose Villalobos, was arrested. Following the arrest, Officer Myron Howard returned to Cheree Benefield' s residence. During an interview with the detective, Ms. Benefield stated the following:

"[I]t was a flashlight being shone through her window while she was talking to her mother that got her attention. She stated she asked him what he wanted. She stated the door was closed at first, and she stated, " ... I talked through the door, I was like what do you want, he was like I need to talk to you. So, being an officer, I trusted him, so I opened the door... And then I was like what did you want to talk about, and he's like I [saw] you pull him in the house, that is a domestic charge itself, and he's like now I'm doing you a favor by not saying anything, so I need you to do a favor."

The detective continued his interview by asking Ms. Benefield the following:

"I [Detective Green] asked Ms. C.B. if she understood what he meant and she stated, "No. I wasn't really surely clear. I'm like well what do you want, he's like just let me come in the house, so I kind of figured what that meant." I [Detective Green] asked Ms. C.B. what did [you] figure out and she stated, "I thought he wanted sex, like because he was very persistent about coming in the house, so I just let him in. At that time, I felt obliged to do what he [told] me."

Ms. Benefield told Detective Green that Officer Howard proceeded to rape her.

On February 12, 2024, officers were called to 2718 N. Olney Street for a domestic violence call involving Ms. Benefield and her boyfriend. Ms. Benefield told Detective Green the following:

"Ms. C.B. also stated on 02/12/2024; her boyfriend was again arrested for domestic violence against her. I confirmed this information under case number IP240013749. Ms. C.B. said as before, 15 minutes after the arrest and all the officers were gone, Myron Howard returned to her residence." Ms. C.B. stated he again flashed the flashlight in her window and called her from cell# 317-218-9626. Ms. C.B. stated,' And then I get a call from this other number, and it's him, and he's like we

just arrested your boyfriend again, um, I was just trying to see if you're okay if I can come in, and I'm like I just want to be left alone please, just leave me alone.'"

Detective Green asked Ms. Benefield if the sex was consensual when Officer Howard returned to her residence after the arrest on 1/7/2024. Ms. Benefield stated:

"No. Because I [felt] like I didn't have an option, I couldn't just say no take me to jail, I felt like I had no option, so it wasn't consensual. Like if there's no yes or no then it's not consensual. Like, I didn't feel like I had the power to say no."

See the attached Exhibit A Probable Cause Affidavit.

> **Answer: City Defendants admit only that Plaintiff was interviewed by Detective Green and the quoted statements are contained in the attached affidavit. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of the quoted or referenced statements or any other allegations in this paragraph and therefore deny the same.**

13. At all times relevant to this action, Ms. Benefield trusted Defendant Howard as an on- duty law enforcement officer.

> **Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

14. At all times relevant to this action, Defendant Howard used his position and authority as a law enforcement officer to lure his way into Ms. Benefield's residence.

> **Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

15. At all times relevant to this action, Defendant Howard used his position and authority to threaten Ms. Benefield into having sex with him.

> **Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

16. At all times relevant to this action, Defendant Howard used his position and authority as a law enforcement officer to sexually assault and rape Ms. Benefield.

> **Answer: City Defendants lack knowledge or information sufficient to form a belief**

**about the truth of the allegations in this paragraph and therefore deny the same.**

17.As a result of Defendant Howard's actions, Ms. Benefield has sustained severe emotional and mental distress.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

18. As a result of sexually assaulting and raping Ms. Benefield, Defendant Howard was charged with the following criminal offenses under State of Indiana v. Myron Howard, 49D31-2404-F1-009144:

1. Rape-Rape when compelled by force or imminent threat of force and with an enhancement deadly weapon. 35-42-4-l(a)(l)/Fl.

11. Criminal Confinement while armed with a deadly weapon. 35-42-3- 3(a)/F3:

iii. Official Misconduct def., a public servant, knowingly or intentionally commits an offense to wit: Rape and/or Criminal Confinement in the performance of his official duties. 35-44.1-1-1 (1)/F6.

1v. Official Misconduct def., a public servant, knowingly or intentionally commits an offense to-wit: Making an Unlawful Proposition and/or Public Indecency and/or Public Nudity in the performance of his official duties. 35-44.1-1-1(1)/F6.

v. Making an Unlawful Proposition. 35-45-4-3(1)/MA:

vi. Public Indecency. 35-45-4-1 (a)(l )/MA.

vii. Public Nudity. 35-45-4-l .5(c)/MB.

See attached Exhibit B Charging Information.

**Answer: City Defendants admit only that Defendant Howard was charged with the listed criminal offenses under State of Indiana v. Myron Howard, 49D31-2404-F1-009144. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations in this paragraph, including the facts underlying the listed charges, and therefore deny the same.**

19. Defendant Howard's employment with IMPD has been terminated.

**Answer: City Defendants admit that Defendant Howard is no longer employed by**

**the City of Indianapolis.**

20. Pursuant to the Indiana Tort Claims Act, Plaintiff filed a Notice of Tort Claim to the involved parties on or around April 4, 2024. (See Exhibit C).

**Answer: City Defendants admit only that a Notice of Tort Claim submitted on behalf of Plaintiff was received by the City of Indianapolis. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations in this paragraph, and therefore deny the same.**

## IMPD'S ACCOUNTABILITY

21.Effective training and accountability are the best ways to prevent police officers from abusing their authority and violating individuals' civil rights.

**Answer: To the extent this paragraph does not contain factual allegations against City Defendants, no response is required. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations in this paragraph, and therefore deny the same.**

22..When IMPD officers clearly violate their position or authority for personal gain or to harm another person, their conduct appears to go unreported, unnoticed, and/or ignored for years and sometimes decades.

**Answer: City Defendants deny the allegations in this paragraph.**

23. In January of 2024, a 24-year veteran of the IMPD was charged with four counts of sexual misconduct, three counts of child seduction, and official misconduct.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

24. In August of 2024, a 12-year veteran of the IMPD was charged with 12 counts of child exploitation

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

25. In September 2024, a 6-year veteran of the IMPD was arrested in connection with child molesting and public voyeurism.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

26. In November of 2024, a longtime IMPD officer of 25 years was charged with voyeurism, official misconduct, and unlawful proposition.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

27. In 2024, five (5) IMPD officers, including Defendant Howard, were charged with using and abusing their position and authority in furtherance of sexual crimes.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

## LEGAL CLAIMS

28. Plaintiff reiterates and incorporates by reference rhetorical paragraphs 1 through 26 as if fully restated herein.

**Answer: City Defendants likewise reiterate their previous responses.**

## COUNT I - 42 U.S.C. § 1983 Claim

## EXCESSIVE FORCE - Defendant Howard

29. Defendant Howard's conduct constitutes unjustified, unreasonable, excessive, and illegal use of force in violation of the Fourth Amendment of the United States. Constitution, as incorporated to the states through the Fourteenth Amendment to the United States Constitution.

**Answer: To the extend this paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

30. At all times, Plaintiff has a clearly established right not to be seized through the use of sexual force.

**Answer: To the extend this paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

31. At all times relevant to this action, Plaintiff was not violating any laws of the City of Indianapolis, County of Marion, State of Indiana, or the United States.

**Answer: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

32. Ms. Benefield was not in the process of committing a crime, had not threatened anyone, had not attempted to harm anyone, and posed no immediate threat of death or serious bodily injury to the Defendant Howard or anyone else.

**Answer: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

33. Defendant Howard told Ms. Benefield something to the effect that he is not saying anything about the domestic charges he could bring against her if she does a "favor" for him.

**Answer: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

34. Defendant Howard was acting under color of law.

**Answer: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

35. The actions of Defendant Howard described above constitute an unlawful search and seizure of the Plaintiff.

**Answer: To the extend this paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

36. During this unlawful search and seizure, Defendant Howard engaged in a perverted, sexual assault of the Plaintiff.

**Answer: To the extend this paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

37. The Defendant acted with malice, oppression, and in reckless disregard for Ms.

Benefield's rights when he threatened criminal charges and forced her to engage in sexual activity.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

38. The actions of Defendant Howard in subjecting Ms. Benefield to the threat of domestic charges violated the Fourteenth Amendment to the United States Constitution, violating her Due Process Rights and being free from sexual discrimination.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

39. Defendant Howard's actions towards Ms. Benefield constitutes a violation and deprivation of her right under the Fourth Amendment of the U.S. Constitution.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

40. The Defendant's actions towards Ms. Benefield were a deliberate indifference to her constitutionally protected rights to equal protection and bodily integrity.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

41. The actions of the Defendant depicted a pattern of using his authority to sexually assault Ms. Benefield and women generally.

**To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

42. Based upon information and belief, there is at least one (1) other female victim that Defendant Howard has been charged with sexually attacking her.

**Answer: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## COUNT II- 42 U.S.C. § 1983 Claim

## FAILURE TO PROTECT-Defendants King and Bailey

43. Plaintiff restates and reiterates previous paragraphs as if fully restated herein.

**Answer: City Defendants likewise reiterate their previous responses.**

44. Defendant Howard admitted to police that Plaintiff was not his first victim and that he had done the same thing to other women.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

45. Defendant King appears to admit to knowing about Defendant Howard's actions, but he failed to make any attempt to stop it. Instead, he looked the other way.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

46. The failure to train Defendant Howard and his department deprived Plaintiff of her Fourth Amendment right, her right to privacy and security in her home, and, most importantly, her right not to be raped by an IMPD officer.

**Answer: To the extend this paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

47. Defendant Bailey knew or should have known, by and through other officers, the actions of Defendant Howard.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

48. The Defendants are not immune from liability for their inactions under the Indiana Tort Claims Act.

**Answer: To the extend this paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

49. Defendants are liable for the injuries sustained by the Plaintiff.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

50. The inactions of the Defendants while Defendant Howard sexually assaulted and raped Plaintiff violated their duty to protect as interpreted under 42 U.S.C. § 1983.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

**COUNT III- 42 U.S.C. § 1983 Claim**

**MONELL CLAIM - FAILURE TO TRAIN -Defendants Bailey and City of lndianapolis**

51. Plaintiffs hereby incorporate by reference all previous paragraphs of their Complaint as if fully set forth herein.

**Answer: City Defendants likewise reiterate their previous responses.**

52. Under Monell, a government entity may be held directly responsible where a policy, custom, or practice is the moving force behind a constitutional violation.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

53. Defendant Howard's actions deprived Plaintiff of her Fourth Amendment rights.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny**

**that Plaintiff is entitled to any relief whatsoever.**

54. Defendant Howard acted under the color of law.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

55. Defendant City's training procedures weren't adequate to train its police officers to handle the usual and recurring situations that they must deal with, specifically, officers returning to a domestic violence call alone and a history of officers sexually assaulting victims who seek an officer's legitimate assistance.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

56. Defendant City was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

57. Defendant City's failure to provide adequate training directly or proximately caused the deprivation of Plaintiff's rights by Defendant Howard.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

58. The Defendants are not immune from liability for their inactions under the Indiana Tort Claims Act.

**Answer: To the extend this Paragraph contains a legal averment, no response is necessary. City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

59. Excessive force by police officers is not only curtailed by effective training. It can also be deterred by criminal prosecution of the officers who violate the law and disciplinary action on the

officers by a police department.

**Answer: To the extent this paragraph does not contain factual allegations against City Defendants, no response is required. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations in this paragraph, and therefore deny the same.**

60. Whether due to inadequate investigation of officer criminal conduct by IMPD, prosecutorial reluctance in the past, early and effective representation by police union attorneys, or general public opinion giving the benefit of the doubt to police officers, the fact is that IMPD officers are rarely criminally prosecuted for violating civil rights by using excessive force.

**Answer: City Defendants deny the allegations in this paragraph.**

61. As a result, the threat of criminal prosecution has not served as a strong deterrent to those IMPD officers inclined to ignore their training and department policy by employing unnecessary and excessive force when dealing with individuals.

**Answer: To the extent this paragraph does not contain factual allegations against City Defendants, no response is required. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations in this paragraph, and therefore deny the same.**

62. A timely and fair discipline process that holds officers accountable if they violate the law or the policies, procedures, rules, regulations, and General Orders of their police department, is an effective deterrent.

**Answer: To the extent this paragraph does not contain factual allegations against City Defendants, no response is required. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations in this paragraph, and therefore deny the same.**

63. For serious policy violations, such as a violation of a police department's use of force policy that results in bodily injury, holding an officer accountable means suspending an officer without pay pending whatever procedures are necessary to terminate the officer's employment.

**Answer: To the extent this paragraph does not contain factual allegations against City Defendants, no response is required. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations**

**in this paragraph, and therefore deny the same.**

64. With the advent of officer body cams and cellphone footage, police departments can often quickly determine what happened in a use-of-force incident and whether to discipline a police officer who clearly violated department policy.

**Answer: To the extent this paragraph does not contain factual allegations against City Defendants, no response is required. City Defendants lack knowledge or information sufficient to form a belief about the truth of any of any other allegations in this paragraph, and therefore deny the same.**

65. Defendants, Chief Bailey and the City of Indianapolis, have a custom and practice of unnecessarily lengthening the time between when an officer is involved in an excessive use of force and when IMPD's "internal review" is complete.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

66. Defendants, Chief Bailey and the City of Indianapolis have a custom and practice of indefinitely delaying the internal review of an officer involved in an excessive force situation, resulting in the officer never being disciplined.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

67. Defendants, Chief Bailey and the City of Indianapolis, also have a custom and practice of continuing to pay officers involved in excessive force situations. At the same time, the internal investigations of those shootings are "pending," even when body cam footage makes it abundantly clear that officers violated department policy on the use of force.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

68. However, in this case, Defendant Howard knew how to turn off his camera when he was about

to violate the rights of women.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

69. At all relevant times herein, Defendant Chief Bailey was the chief policymaker for IMPD and had the authority under the law to:

a. Determine and implement procedures, policies, orders, rules, or regulations by which IMPD operates;

b. To administer and oversee, with the mayor as provided by law, the city's police merit system relating to appointment, transfer, discipline, and removal of sworn employees pursuant to applicable rules, regulations, and laws in accordance with the established merit system; and

c. To make general and special rules and regulations for the management and discipline of the department, to the extent such duties and powers are not granted to the police merit board.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

70. At all relevant times herein, Defendant Chief Bailey had the ultimate authority to discipline any member of IMPD, subject only to the restrictions outlined in Section 279-237 of the Revised Code of the Consolidated City and County (Discipline; merit board procedures and appeals).

**Answer: To the extent that this paragraph restates state or federal law or municipal ordinances, this is a legal conclusion and no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

71. In making his disciplinary determination, the Chief may:

**Answer: This paragraph contains no factual allegations; therefore, no response is necessary.**

72. Issue a written reprimand. Suspend an officer without pay for up to six (6) calendar months.

a. If the suspension is for more than ten (10) working days, the officer may appeal that portion of the suspension greater than ten (10) days to the merit board. Such appeal must be made within thirty (30) calendar days of notice of the action. See Revised Code of the Consolidated City and County, Section 279-221 (f).

b. Demote the officer in rank by one (1) merit rank. Any demotion may be appealed to the merit board within thirty (30) calendar days of notice of action. Recommend discharge of the officer to the merit board. Reinstate with pay any officer who previously was suspended without pay. However, the chief shall consult with the mayor regarding any discipline exceeding a ten-day suspension.

**Answer: To the extent that this paragraph restates state or federal law or municipal ordinances, this is a legal conclusion and no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

73. The matter is automatically referred to the merit board if the Chief recommends discharging an officer. The merit board must then conduct a de novo administrative hearing of record. Pending determination by the merit board, the officer shall be placed on suspension without pay.

**Answer: To the extent that this paragraph restates state or federal law or municipal ordinances, this is a legal conclusion and no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

74. If criminal charges are pending against the officer that arose from substantially the same conduct, circumstances, or subject matter that gave rise to the disciplinary action, then the merit board shall not conduct the hearing until after such criminal charges have been resolved at the trial level.

**Answer: To the extent that this paragraph restates state or federal law or municipal ordinances, this is a legal conclusion and no response is required. City Defendants**

**deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

75. Even if an officer faces criminal charges that have not concluded at the trial level, the Chief still has the authority to recommend termination and suspend the officer without pay, pending a hearing before the merit board.

**Answer: This paragraph is a legal averment therefore no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

76. Even if the prosecutor has not yet made any charging decision, the Chief still has the authority to recommend termination and suspend the officer without pay, pending a hearing before the merit board.

**Answer: This paragraph is a legal averment therefore no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

77. Even when IMPD's internal investigation reveals that an officer in a police action shooting has violated department policy, Defendants, Chief Bailey, and the City of Indianapolis have a custom and practice of not disciplining the officer involved by suspending the officer without pay and recommending the officer's termination before either (i) the prosecutor made a charging decision, or (ii) the conclusion of the officer's criminal case.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

78. There is no justifiable reason for Defendants, Chief Bailey, and the City of Indianapolis, to delay making a disciplinary decision until a prosecutor decides on whether to file criminal charges against an officer involved in a police action shooting.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny**

**that Plaintiff is entitled to any relief whatsoever.**

79. In some cases, the prosecutor, or a grand jury, reviews the evidence to determine whether there is probable cause to charge an officer with a criminal offense. That situation is entirely different than a police chiefs determination as to whether an office violated department policy such that the officer should be disciplined.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

80. There is no legitimate reason for Defendants, Chief Bailey, and the City of Indianapolis, to delay making a disciplinary decision until an officer's criminal case is finally concluded-something that could take years.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

81. Once IMPD finally completes its investigation- often years later-the result is usually that the "use of force was within policy."

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

82. As a result of Chief Bailey's and the City's custom and practice of failing to discipline officers who violate department policy when using excessive force, IMPD officers know they will rarely lose their jobs or paychecks.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

83. Chief Bailey and the City's custom and practice, as described herein, created a likelihood that substantial violations of the constitutional rights of Hoosiers in the city of Indianapolis, such as Cheree Benefield, would occur.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

84. Chief Bailey and the City of Indianapolis were deliberately indifferent to the need to discipline officers in a meaningful and timely manner for violating department policies regarding the use of force.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

85. Chief Bailey and the City of Indianapolis consciously chose not to discipline officers involved in unjustified excessive force cases.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

86. Chief Bailey and the City of Indianapolis knew that by failing to discipline officers who use excessive and unjustified force in violation of department policy and training, there would be a risk of more officers engaging in such practices with impunity.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

87. The need to discipline officers who use excessive and unjustified force in violation of department policy and training was so obvious that Chief Bailey and the City of Indianapolis knew that such failure was likely to violate citizens' constitutional rights, such as in this case.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

88. As a direct and proximate result of the aforementioned conduct of Chief Bailey and the City of Indianapolis in failing to discipline IMPD officers, Plaintiff, Cheree Benefield, was deprived of the

rights, privileges, and immunities secured to her under the Constitution and laws of the United States of America, including her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

89. As a direct and proximate result of the wrongful acts and omissions by the Defendants as described above, Plaintiff, Cheree Benefield, suffered injuries, pain and suffering, shock, fear, extreme emotional distress, and humiliation.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## COUNT IV - INTENTIONAL TORT

## SEXUAL ASSAULT AND DISCRIMINATION- Defendant Howard

90. Plaintiffs hereby incorporate by reference all previous paragraphs of their Complaint as if fully set forth herein.

**Answer: City Defendants likewise reiterate their previous responses.**

91. Defendant Howard intended and threatened to cause harm or fear of harm against Plaintiff.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

92. Defendant Howard had the means to inflict harm against Plaintiff by using his authority and influence as a police officer.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

93. Plaintiff was detained in her own home and was powerless and vulnerable to Defendant Howard.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

94. Defendant Howard vocally expressed his intent to bring charges against Plaintiff if Plaintiff did not behave in a certain way.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

95. Defendant Howard targeted her and discriminated against her based on her sex and gender of being a female.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

96. Defendant Howard knew or should have reasonably known that his actions against Plaintiff would cause harm, and that harm was reasonably foreseeable.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

97. Plaintiff was sexually assaulted and raped by Defendant Howard and sustained serious injuries, including mental and emotional distress and humiliation.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

98. Defendant Howard directly and proximately caused the injuries sustained by Plaintiff.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

99. The actions of Defendant Howard to return to the scene, weasel his way into her home, threaten legal charges against her, then rape her were callous, malicious, and willfully disregarded the rights of Plaintiff.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

100.The individual actions of Defendant Howard constitute the intentional tort of sexual assault and a violation of her constitutional rights.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

101.Defendant Howard's actions are not immune from liability under the Indiana Tort Claims Act.

**Answer: This paragraph is a legal averment therefore no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

**COUNT V - INTENTIONAL TORT**

**SEXUAL BATTERY AND RAPE -Defendant Howard**

102. Plaintiffs hereby incorporate by reference all previous paragraphs of their Complaint as if fully set forth herein.

**Answer: City Defendants likewise reiterate their previous responses.**

103. Defendant Howard intended to batter Plaintiff sexually.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

104. Plaintiff felt she had no choice but to submit to Defendant Howard.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

105. Defendant Howard sexually battered and raped the Plaintiff.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

106. The individual actions of Defendant Howard constitute the intentional tort of sexual battery and rape.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

107. Defendant Howard's actions are not immune from liability under the Indiana Tort Claims Act.

**Answer: This paragraph is a legal averment therefore no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny**

**that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## COUNT VI - INTENTIONAL TORT

## FALSE IMPRISONMENT -Defendant Howard

108.Plaintiff restates and reiterates the previous paragraphs as if fully restated herein.

**Answer: City Defendants likewise reiterate their previous responses.**

109. Defendant Howard restrained the Plaintiff before and during the rape.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

110. Plaintiff felt she had no choice but to submit to the Defendant.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

111. Plaintiff repeatedly asked Defendant Howard to leave her alone.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

112. Plaintiff was conscious during the rape.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

113. Defendant Howard entered Plaintiffs home under false pretenses.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

114. Defendant Howard raped Plaintiff in her bedroom in her own home.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

115. The individual actions of Defendant Howard constitute the intentional tort of false imprisonment.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

116. Defendant Howard's actions are not immune from liability under the Indiana Tort Claims Act.

**Answer: This paragraph is a legal averment therefore no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

**COUNT VII --INTENTIONAL TORT**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - Defendant Howard**

117. Plaintiff restates and reiterates the previous paragraphs as if fully restated herein.

**Answer: City Defendants likewise reiterate their previous responses.**

118. Defendant Howard's actions were intentional.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

119. Defendant Howard's actions were extreme and outrageous.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

120. Defendant Howard's actions are the direct and proximate cause of the Plaintiffs sexual assault, battery, and rape.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

121. As a result of Defendant Howard's actions, Plaintiff sustained severe emotional and mental distress.

**Answer: City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the same.**

122. The individual actions of Defendant Howard constitute the intentional tort of intentional infliction of emotional distress.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

123. Defendant Howard's actions are not immune from liability under the Indiana Tort Claims Act.

**Answer: This paragraph is a legal averment therefore no response is required. City Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

**COUNT VIII-NEGLIGENCE CLAIM-Defendant City of Indianapolis**

124. Plaintiff restates and reiterates the previous paragraphs as if fully restated herein

**Answer: City Defendants likewise reiterate their previous responses.**

125. In accordance with Indiana statute, Defendant, the City of Indianapolis, was timely served with a Notice of Tort Claim on April 4, 2024, by certified mail.

**Answer: City Defendants admit they received a Notice of Tort Claim sent on behalf of Plaintiff which appeared to be mailed on April 4, 2024.**

126. Pursuant to Indiana statute, the Plaintiff's claim has been constructively denied as Defendant has had more than ninety (90) days to investigate the claim but failed to respond in any manner.

**Answer: City Defendants admit that more than ninety (90) days have passed and Plaintiff's claim has been constructively denied.**

127. Plaintiff was injured due to the intentional, willful, wanton, reckless, and/or negligent acts and omissions of the Defendant Officers.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

128. At all relevant times, the Defendant Officers were employees of the City of Indianapolis and acting in their course and scope of employment.

**Answer: City Defendants admit that Defendant Officers were police officers employed by the City of Indianapolis and that Defendant Officers were acting within the scope of his employment. City Defendants deny any other allegations in this paragraph.**

129. As such, the City of Indianapolis is liable for any negligent acts of its employees under the doctrine of respondeat superior.

**Answer: This paragraph contains a legal averment which requires no response. City Defendants deny any other allegations in this paragraph of the Complaint and, more specifically, deny that Plaintiff is entitled to any relief whatsoever.**

130. The City of Indianapolis is also independently liable for her injuries and damages as the result of its intentional, willful, wanton, reckless, and/or negligent acts and omissions, including but not limited to the failure to adequately train the officers and failure to discipline IMPD officers to deter illegal and excessive use of force by officers.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

131. The City of Indianapolis is also liable for Plaintiff's emotional distress due to the Defendant Officers' conduct, as described herein, which was extreme and outrageous, exceeding all grounds usually tolerated by persons of ordinary sensibilities.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

132. The City of Indianapolis, through the actions of the Defendant Officers, negligently inflicted emotional distress upon the Plaintiff, causing her injuries and damages.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

133. As a direct and proximate result of the wrongful acts and omissions by the City of Indianapolis as described herein, Plaintiff suffered injuries, shock, extreme emotional distress, and humiliation.

**Answer: City Defendants deny the allegations in this paragraph and, more specifically, deny that they violated any state or federal laws. City Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## JURY TRIAL REQUEST

The Defendants request that this case be tried by a jury pursuant to Fed. R. Civ. P. 38.

**AFFIRMATIVE DEFENSES**

Defendants, Defendants Officer Leon King, Chief of Police Christopher Bailey, and the City of Indianapolis, for their Defenses to Plaintiff's Complaint states as follows:

1. Defendants deny each and every allegation contained in Plaintiff's Complaint which is not specifically admitted herein.
2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.
3. The individual Defendants are entitled to qualified immunity.
4. Plaintiff has failed to mitigate damages.
5. To the extent that Plaintiff has received or does receive payments for either of their alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation.
6. Plaintiff's claims are barred, in whole or in part, to the extent her claims are outside the scope of her notice of tort claim.
7. Plaintiff's state law claims are barred to the extent she have failed to comply with the notice requirements of the Indiana Tort Claims Act, Indiana Code section 34-13-3-1, *et seq.*
8. To the extent that Plaintiff's lawsuit alleges state tort claims, Defendants are immune under Indiana's Tort Claim Act, Indiana Code section 34-13-3-3, *et seq.*, including but not limited to, immunities for law enforcement and discretionary functions.
9. Plaintiff may not recover damages on any state law claims against any individual for the acts committed within the scope of his or her employment.
10. Plaintiff's claims are barred because the Plaintiff's alleged injuries, damages, or losses, were directly and proximately caused by the intervening acts, superseding acts, and conduct of people who were not acting as agents or employees of the City.

11. Plaintiff's right to recovery, if any, is limited under federal and state law. Defendants' combined aggregate liability may not exceed the cap identified in Indiana Code § 34-13-3-4.

12. To the extent that Plaintiffs' Complaint seeks punitive damages, these claims are barred against a governmental employee or entity under state law.

13. Plaintiff's claims for attorneys' fees are barred by Indiana law.

14. Defendants' alleged acts or failures to act were not the cause or proximate cause of Plaintiff's alleged damages.

15. There was no policy, practice or procedure that was the cause of Plaintiff's injuries.

16. Plaintiff is not entitled to a jury trial on issues where there is no federal right to a jury trial, including equitable issues and relief.

17. To the extent that any Co-Defendant asserts affirmative or additional defenses applicable to City Defendants, Defendants incorporate those herein by reference.

18. Defendants are continuing their investigation and study of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise, or supplement its answer, and to plead such further defenses and take such further actions as they may deem proper and necessary in its defense upon the completion of such investigation and study.

WHEREFORE, the Defendants Officer Leon King, Chief of Police Christopher Bailey, and the City of Indianapolis, by counsel, respectfully request that the Plaintiffs take nothing by way of their Complaint, that judgment be entered for the Defendants, and that the Court grant all other just and proper relief.

Respectfully submitted,

*<u>/s/ Kiely C. Keesler</u>*
Kiely C. Keesler (35980-49)
Chief Litigation Counsel
200 E. Washington Street, Suite 1601

Indianapolis, IN 46204
T: (317) 327-4055
F: (317) 327-3968
Kiely.keesler@indy.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this Thursday, May 15, 2025 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mark Nicholson
Law Office of Mark Nicholson
9702 E. Washington St,
Suite 171
Indianapolis, IN 56229
317-219-3402
mark@marknicholsonlaw.com

*/s/ Kiely C. Keesler*
Kiely C. Keesler (35980-49)
Chief Litigation Counsel

OFFICE OF CORPORATION COUNSEL
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
Phone: 317-327-4055
Fax: 317-327-3968